JAMES G. DELANEY

*v.*

HATTIE CARY HILLS DELANEY.

[Filed June 21st, 1905.]

1. In divorce, the evidence of a co-respondent cannot be set aside as insufficient to establish the charge merely because he is an accomplice.

2. In divorce, the defence of condonation is not available unless pleaded.

---

*Mr. Charles M. Myers* and *Mr. Edward M. Colie,* for the petitioner.

*Mr. Thomas S. Henry,* for the defendant.

EMERY, V. C.

The single act of adultery charged by the husband is proved by the evidence of the co-respondent, corroborated by the evidence of the petitioner, who, as he says, came upon defendant as she was getting out of the bed occupied by the co-respondent as a guest in their apartment. The effect of the husband's evidence as corroborative is seriously shaken by the circumstances disclosed in this suit affecting his credibility—*first,* by the evidence given by Pyatt, the colored elevator boy, of the petitioner's suggestion to him that he (Pyatt) could swear he had seen the parties in bed together, when the petitioner must have known Pyatt could not have seen this; *next,* his denials under oath of his acknowledgments of his relations to his own child by another woman, which are clearly shown to be false by his letter to the boy, and which denials must have been known to be false; *third,* his brutal behavior and language to his wife, disclosed by his own evidence of his behavior to his wife, and also by his bearing on the witness-stand. I should not be willing to

advise a decree if it were to be based substantially on his testimony, either as direct or corroborative evidence. The case depends practically on the weight to be given to the evidence of Locket, the co-respondent. As co-respondent his evidence must be regarded with caution, but it cannot be set aside as insufficient to establish the charge merely because he is an accomplice. This rule is often applied in divorce cases where the co-respondent is a common prostitute, or person of loose character, but it is not, as I understand, a hard and fast rule, which must be applied in every case to the evidence of a paramour. Nothing has been shown against Locket which would require him to be put in the category with witnesses of this character, and on full consideration of his evidence, both during the hearing and since, I think it must be accepted as true. To a slight extent, it is corroborated by the witness Rose Hill, the only other person in the apartment at the time, but not sufficiently so to put the case in any other status than that of depending substantially on the truth of Locket's evidence, with petitioner's corroboration, if that is to be given weight. The defendant denies the charge, but her own credibility is so seriously shaken that her denial alone cannot avail to clear her of the charge.

It was proved that the defendant was, as the husband well knew, inclined to drink, and at the hearing I intimated to counsel that the entire evidence might show that the guilt of the wife was perhaps induced or brought about by the conduct of the husband in furnishing liquor to her, or bringing it within her reach, and in bringing the co-respondent to his home, or keeping him there while she was under the influence of liquor, and while also he suspected and openly charged her, in the presence of Locket, with infidelity toward him in respect to another man.

But on further consideration, I conclude that the evidence does not warrant the conclusion that it was within the husband's intention or contemplation that the crime of adultery was to be committed with Locket, and the case therefore does not come within the rule establishing connivance or consent.

Condonation was insisted on at the argument, but this de-

fence, in order to be available, must be pleaded. *Jones* v. *Jones, 18 N. J. Eq. (3 C. E. Gr.) 34 (Chancellor Zabriskie, 1866)*; *Warner* v. *Warner, 31 N. J. Eq. (4 Stew.) 225 (Vice-Chancellor Van Fleet, 1879)*. If applied for, an amendment might, in a proper case, be allowed to set up the defence (*Warner* v. *Warner, supra*), but assuming this question to be in the case, the defendant has failed to establish this defence on the proofs. She swears that petitioner cohabited with her on Sunday, Monday and Tuesday, and as to the latter date, swears positively, both on direct and cross-examination, that petitioner spent this night in her bed. It is proved beyond question that the petitioner spent that night in New York at his sister's. The condonation depends on her evidence, which is denied by petitioner, and with her credibility thus impeached it cannot be considered as made out.

I will advise a decree for petitioner.